**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ROBERT A. PLEASANT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )     No. 4:08-CV-1190-CAS |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Robert A. Pleasant (registration no. 528807) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $57.98, and an average monthly account balance of $9.66. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $15.43, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants Correctional Medical Services, Missouri Department of Corrections ("MDC"), Jewell Cofield (Executive Director), and Elizabeth Connelly. Plaintiff alleges that he suffers from "manic

depression with psychotic features" and that he needs, but is unable to obtain, a prescription for the drug Seraquel. Plaintiff further alleges that MDC has failed to provide him reasonable and adequate medical care by failing "to oversee and regulate prescription practices of [its] contracted employee Correctional Medical Services," and to respond adequately to his grievances. Plaintiff also alleges that CMS failed to provide him reasonable and adequate medical care by "inconsistently prescrib[ing] Seraquel to offenders . . . with similar symptoms, sentence structure and custody level, but refusing to prescribe Seraquel to plaintiff." For relief, plaintiff seeks monetary damages and an order directing CMS "to give him access to medications as other inmates have, [and] to ensure that [CMS] follows its own policies."

## Discussion

Having carefully reviewed the complaint, the Court concludes that this action is legally frivolous. Plaintiff's claims against the Missouri Department of Corrections are barred by the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978). Moreover, a suit against the Missouri Department of Corrections is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a "person" for purposes of a § 1983 action and is absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).

Plaintiff does not claim that the alleged constitutional violations are the result of a CMS policy or action. Rather, he alleges that his claims are due to CMS's employment of doctors who prescribe him Femeron, Cogintin, Stelazine, Thorazine, and Loxitan, instead of Seraquel, which some of the other inmates are being prescribed. Because plaintiff does not identify any alleged CMS official policies or customs, the complaint is legally frivolous as to this defendant. Furthermore, mere negligence in diagnosing or treating a medical condition does not rise to the level of a constitutional

3

violation, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and a mere disagreement over treatment methods also does not rise to the level of a constitutional violation. Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990).

Last, the complaint is legally frivolous as to defendants Jewell Cofield and Elizabeth Connelly, because plaintiff has failed to assert any allegations against them. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits); Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993)(to state a claim against private corporation acting under color of state law, plaintiff must allege existence of policy, custom, or official action that caused actionable injury).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED.** [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $15.43 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this \_\_\_\_22nd_____ day of September, 2008.